UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ANGELA THOMPSON                                          PLAINTIFF

VS.                              CIVIL ACTION NO. 3:15CV102TSL-RHW

FRED'S STORES OF TENNESSEE, INC.
D/B/A FRED'S #1090; STIRLING
PROPERTIES, LLC; ET AL.                                 DEFENDANTS

MEMORANDUM OPINION AND ORDER

On July 24, 2015, plaintiff Angela Thompson moved pursuant to
Federal Rules of Civil Procedure 56, 12(c) and 26 for summary
judgment or, in the alternative, for judgment on the pleadings as
to defendant Fred's Stores of Tennessee, Inc. (Fred's) based on
Fred's alleged failure to timely respond to plaintiff's requests
for admissions, which were served on Fred's on June 3, 2015 and
covered all the substantive allegations in plaintiff's complaint.
She contemporaneously filed a "Notice of Deemed Admitted Requests
for Admissions to Defendant, Fred's Stores of Tennessee, Inc."
(Notice of Deemed Admissions) pursuant to Rule 36(a).[1]  In her
submissions, plaintiff asserted that based on the matters deemed

_____

[1]     Under Rule 36(a), a matter in a requests for admission
is deemed admitted unless the party to whom the request is
directed answers or objects to the matter within thirty days.
Williams v. Wells Fargo Bank, N.A., 560 Fed. App'x 233, 243-44 (5th
Cir. 2014).

admitted, there is no genuine issue of material fact and plaintiff is entitled to summary judgment or judgment on the pleadings.[2]

On July 27, 2015, Fred's filed a response in opposition to plaintiff's Notice of Deemed Admissions and a separate motion to stay discovery.  In both submissions, Fred's took the position that under Rule 26(d)(1) and (f), plaintiff's requests for admission were premature because at the time she served her requests for admission, the parties had not conferred and agreed on a discovery plan as required by Rule 26(f).[3]  Fred's further

---

[2]   The Fifth Circuit has held as follows:
Rule 36 admissions are conclusive as to the matters admitted and cannot be overcome at the summary judgment stage by contradictory affidavit testimony or other evidence in the record.  We have stressed that a deemed admission can only be withdrawn or amended by motion in accordance with Rule 36(b).  To withdraw an admission, Rule 36(b) requires that the court find that withdrawal 1) would serve the presentation of the case on its merits, but 2) would not prejudice the party that obtained the admissions in its presentation of the case.  Even if a party establishes these two factors, the district court retains discretion to deny a request to withdraw an admission, and admissions on file may be an appropriate basis for granting summary judgment.
Williams v. Wells Fargo Bank, N.A., 560 Fed. App'x 233, 244 (5th Cir. 2014) (internal quotation marks and citations omitted).


[3]   Rule 26(f) provides that at least 21 days before the Rule 16(b) scheduling conference, the parties confer regarding a proposed discovery plan and then submit a written report outlining that plan for the court.  Rule 26(d)(1) states:
A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.
Uniform Local Rule 26(a)(4) recites that "[d]iscovery before the case management conference is governed by FED.R.CIV.P. 26(d)(1)."

argued that assuming for the sake of argument that it did miss the deadline to respond to plaintiff's requests for admission, then pursuant to Rule 36(b),[4] it should be allowed to withdraw or amend the deemed admissions since plaintiff had suffered no prejudice.[5] Thereafter, on July 31, 2015, Fred's filed a notice of service of responses to plaintiff's requests for admission.

In response to the motion to stay, and in her rebuttal in support of her Notice of Deemed Admissions, plaintiff contended that service of her requests for admission was not premature under Rule 26(f) as the parties, within the time prescribed by that

---

Fred's claims that "[t]he parties have not conferred and have not created or agreed to a discovery plan prior to the Case Management Conference," and thus contends that any discovery requests made prior to submission of the written report should be treated as null, so that there was no duty to respond as required by Rule 36. It makes this argument notwithstanding that on April 10, 2015, at a time when the parties clearly had not conferred concerning a discovery plan, Fred's propounded its own set of interrogatories, requests for production and requests for admission.

[4]   See Fed. R. Civ. P. 36(b)("Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits.").

[5]   Fred's also objected in its response that plaintiff's Notice of Deemed Admissions was unaccompanied by the good faith certificate required by Federal Rule of Civil Procedure 37(a). Clearly, this objection is not well taken as plaintiff's Notice of Deemed Admissions was not a motion for an order compelling disclosure of discovery, to which Rule 37(a) applies, but was instead presented merely as plaintiff's notice to the court and to Fred's that she considers that in accordance with Rule 36(b), her requests for admission are deemed admitted as a result of Fred's alleged failure to timely respond.

rule, had communicated via email and telephone and clearly
stipulated to proceeding with discovery.[6]  Plaintiff responded in
opposition to the motion to stay, contending no stay was needed as
the parties had agreed to proceed with discovery.  She further
moved for an award of attorney's fees and costs as sanctions under
Rule 11 relative to responding to Fred's motion to stay and Fred's
alleged untimely response to plaintiff's requests for admission;
she contended that an award of attorney's fees and costs was
warranted, particularly in view of Fred's false assertion that the
parties had not conferred or agreed to a discovery plan.

_____

[6]      Counsel for plaintiff states that at the time he served
the requests for admission, he had already received discovery
requests from Fred's, in response to which he had expressed his
concern with proceeding with discovery when no case management
order had been entered.  In an email, he wrote:
      I am aware that no formal stay was ever entered, but
      upon review of FRCP 26(f)(3), a discovery plan is
      required if discovery is to commence before the CMC.  I
      do not think any such plan has been contemplated or
      submitted.
Fred's counsel responded to his concerns via email, stating:
      After my review of Pacer and CM/ECF filing, please be
      advised that our office has not received notice of any
      stay of discovery in this matter.  It is my
      understanding that the scheduling of the case management
      conference will not impact the submission of discovery
      responses; however, the case management order will
      provide an "end" date for the discovery period.  As you
      are aware, such responses are necessary for the
      preparation of depositions and continued litigation in
      this matter.  We ask that you please provide your
      response so that we may continue to work toward a
      resolution of this matter....
The court observes that this email was sent to plaintiff's counsel
at 5:16 p.m. on June 3, 2015, approximately 30 minutes *after*
plaintiff filed her notice of service of requests for admission on
Fred's.

4

On August 17, 2015, Fred's filed a motion to withdraw, or in the alternative, amend deemed admitted requests for admission pursuant to Rule 36(b), taking the position that she would not be prejudiced by the withdrawal.  Fred's contemporaneously filed a response to plaintiff's summary judgment/judgment on the pleadings motion, asserting that since the motion is based solely on the deemed admissions, then a ruling on plaintiff's motion for summary judgment/judgment on the pleadings is premature until the court has ruled on Fred's outstanding motion to withdraw or amend the deemed admitted requests for admission.

Based on its consideration of the parties' various motions and related submissions described herein, the court is of the opinion that at the time plaintiff served her requests for admission, the parties had not conferred and developed a discovery plan within the contemplation of Rule 26(d).  The court so finds, irrespective of Fred's counsel's statement in her June 3 email to plaintiff's counsel that it was her "understanding that the scheduling of the case management conference will not impact the submission of discovery responses."  Her understanding was incorrect, as Rule 26 plainly states: "A party *may not seek discovery from any source* before the parties have conferred as required by Rule 26(f)," unless the proceeding is one exempt from initial disclosure under Rule 26(a)(1)(B) – which is not the case here – "or when authorized by these rules, by stipulation, or by

court order." At the time the requests for admission were served, there was no court order authorizing discovery. The rules did not authorize discovery. And nothing has been submitted to show that the parties had conferred and developed a discovery plan or had stipulated to proceeding with discovery notwithstanding that they had not done so. Fred's demand in that email that plaintiff respond to its outstanding discovery requests does not qualify as "conferring" or as a "discovery plan" or as a "stipulation." Thus, despite what Fred's counsel stated in the email, plaintiff was not required to respond to Fred's then-outstanding discovery requests as they had been filed in violation of Rule 26(f)(1).[7] Likewise, Fred's was not required to respond to plaintiff's requests for admission, as the requests for admission were also filed in violation of Rule 26(f)(1). Of course, given that Fred's did timely respond to the interrogatories and request for production of documents that plaintiff filed at the same time as the requests for admission, it is apparent that Fred's did not fail to respond to the requests for admission because it believed

---

[7]    The court notes that plaintiff's argument that in view of the statements in the email, Fred's is judicially estopped from "flip flopping" and now taking the contrary position that the parties had not conferred and agreed on a discovery plan. Plaintiff's reliance on judicial estoppel is misplaced. Judicial estoppel applies only where "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) *a court accepted the prior position*; and (3) the party did not act inadvertently." <u>Reed v. City of Arlington</u>, 650 F.3d 571, 574 (5th Cir. 2011) (emphasis added). That plainly is not the case here.

the requests for admission were premature.  Nevertheless, as
plaintiff propounded the requests for admission before the parties
conducted their mandatory Rule 26(f) conference or had stipulated
that discovery could proceed, the court concludes that the
requests for admission were premature and consequently, no
response to the requests for admission was due from Fred's.  It
follows that the requests for admission are not deemed admitted
under Rule 36(a); and it further follows that plaintiff's motion
for summary judgment or judgment on the pleadings is not well
taken and should be denied.

Even if the requests for admission were timely and proper
under Rule 26(f), the court would find that Fred's should be
allowed to withdraw its deemed admissions and that summary
judgment or judgment on the pleadings was not appropriate.  The
court may permit the withdrawal of an admission if the withdrawal
would "promote the presentation of the merits of the action and if
the court is not persuaded that it would prejudice the requesting
party in maintaining or defending the action on the merits." Fed.
R. Civ. P. 36(b).  Clearly, allowing withdrawal of the admissions
would promote presentation of the case on the merits, and
plaintiff cannot credibly claim that she will suffer cognizable
prejudice if the admissions are withdrawn.  In this vein, the
Fifth Circuit has explained that under Rule 36(a),

> [I]t is proper to consider whether denying withdrawal
> would have the practical effect of eliminating any

7

presentation of the merits of the case in determining
whether Rule 36(b)'s first requirement is met, <u>see</u>,
<u>e.g.</u>, <u>Hadley v. United States</u>, 45 F.3d 1345, 1348 (9th
Cir. 1995), this and other courts have not relied solely
on this factor in determining whether to permit
withdrawal.  Even where the presentation of the merits
of a case would be eliminated, other factors considered
are whether the [party seeking withdrawal] has
demonstrated that the merits would be served by
advancing evidence showing "the admission is contrary to
the record of the case," or that the admission "is no
longer true because of changed circumstances or [that]
through an honest error a party has made an improvident
admission." ...  This circuit has also determined that a
court acts within its discretion in considering the
fault of the party seeking withdrawal, <u>Pickens v.
Equitable Life Assurance Soc.</u>, 413 F.2d 1390, 1394 (5th
Cir. 1969), or its diligence in seeking withdrawal,
<u>Covarrubias v. Five Unknown INS/Border Patrol Agents</u>,
192 F. App'x 247, 248 (5th Cir. 2006) (per curiam)
(unpublished).

<u>Le v. Cheesecake Factory Restaurants Inc.</u>, No. No. 06-20006, 2007
WL 715260, at *2 (5th Cir. Mar. 6, 2007).  Unquestionably, refusing
to allow Fred's to withdraw the admissions would eliminate any
presentation on the merits.  Further, it is apparent that the
admissions were the result of mere oversight on the part of Fred's
counsel.  And, Fred's was diligent in seeking withdrawal.

Regarding prejudice, the Fifth Circuit has held:

Prejudice may occur where a party faces "special
difficulties ... caused by a sudden need to obtain
evidence upon withdrawal or amendment of an admission."
<u>Am. Auto. Ass'n., Inc., v. AAA Legal Clinic of Jefferson
Crooke, P.C.</u>, 930 F.2d 1117, 1120 (5th Cir. 1991).
However, "[t]he necessity of having to convince a trier
of fact of the truth of a matter erroneously admitted is
not sufficient."  <u>N. La. Rehab. Center, Inc. v. United
States</u>, 179 F. Supp. 2d 658, 663 (W.D. La. 2001)
(quoting <u>F.D.I.C. v. Prusia</u>, 18 F.3d 637, 640 (8th Cir.
1994)).

<u>Thanedar v. Time Warner, Inc.</u>, 352 Fed. App'x 891, 896 (5th Cir. 2009).  The court in <u>Thanedar</u> concluded that the plaintiff there did not suffer prejudice due to the district court's decision to allow withdrawal of admissions where the plaintiff was on notice based on other discovery that the defendants were taking a position in the litigation that was contrary to the deemed admissions.  <u>Id</u>. at 896-97.  The court concluded that "[a]ny prejudice from the withdrawal of the admissions resulted 'from the inaccuracy of the admissions rather than the stage of the proceedings at which the [appellees] sought to amend [their] admissions.'"  <u>Id</u>. at 897 (quoting <u>Prusia</u>, 18 F.3d at 640). Likewise, here, plaintiff was undeniably aware from Fred's answer and from its responses to her interrogatory responses that Fred's denied plaintiff's claim both as to liability and her claimed damages.  Furthermore, the case is in its earliest stages. Although there has been some limited discovery, the case management conference has not yet been held and plaintiff will have ample opportunity to obtain evidence supportive of her claim. In short, therefore, it is clear plaintiff will suffer no prejudice from the granting of Fred's motion to withdraw.

The court does still have discretion to deny a request to withdraw or amend an admission even when Rule 36(b)'s two-factor test has been satisfied.  <u>In re Carney</u>, 258 F.3d 415, 419 (5th

Cir. 2001).  However, the court perceives no valid basis for rejecting Fred's request to withdraw admissions in this case.

Therefore, based on all of the foregoing, it is ordered as follows:

Fred's motion to withdraw deemed admissions is granted;

Plaintiff's motion for summary judgment, or in the alternative judgment on the pleadings, is denied;

To avoid future uncertainty, Fred's motion to stay discovery until the case management conference is granted; and lastly, in the court's discretion, plaintiff's motion for attorney's fees and costs is denied.

SO ORDERED this __24th__ day of September, 2015.


/s/Tom S. Lee_____
UNITED STATES DISTRICT JUDGE